IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY LIU and MONICA CHEN,                    3:12-CV-00484-BR
husband and wife,

       Plaintiffs,                            OPINION AND ORDER

v.

NORTHWEST TRUSTEE SERVICES,
INC., and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

       Defendants.


JEFFREY A. MYERS
JOHN P. BOWLES
TIMOTHY J. ZIMMERMAN
Bowles Fernandez Law LLC
5200 S.W. Meadows Road
Suite 150
Lake Oswego, OR 97025
(503) 726-5930

      Attorneys for Plaintiffs

TERESA M. SHILL
Routh Crabtree Olsen, PC
511 S.W. Tenth Avenue
Suite 400
Portland, OR 97205
(503) 977-7926

      Attorneys for Defendant Northwest Trustee Services,
      Inc.


1 - OPINION AND ORDER

**WILLIAM G. FIG**
Sussman Shank, LLP
1000 S.W. Broadway
Suite 1400
Portland, OR 97205
(503) 227-1111

      Attorneys for Defendant Federal National Mortgage
      Association

**BROWN, Judge.**

     This matter comes before the Court on the Motion (#15) of
Defendant Northwest Trustee Services, Inc. (NWTS) for Summary
Judgment and the Motion (#13) of Defendant Federal National
Mortgage Association (Fannie Mae) for Summary Judgment.

     For the reasons that follow, the Court **GRANTS** NWTS's Motion
for Summary Judgment, **STAYS** this matter as to Plaintiffs'
remaining claim against Fannie Mae, and **DENIES** with leave to
renew Fannie Mae's Motion (#13) after a decision by the Supreme
Court of Oregon on the four certified questions that are
potentially relevant to this action. *See, e.g., Brandrup v
ReconTrust Co., N.A.,* 3:11-CV-01390-HZ; *Powell v ReconTrust Co.,
N.A.,* 3:11-CV-01399-HZ; *Mayo v. ReconTrust Co., N.A.,*
3:11-CV-01533-PK; and *Mirarabshahi v. ReconTrust Co., N.A.,*
3:12-CV-00010-HA. The Stay is in effect until 30 days after the
Supreme Court issues a decision on the four certified questions
unless the Court orders otherwise.

2 - OPINION AND ORDER

## BACKGROUND

The facts in this matter are undisputed unless otherwise noted:

On April 20, 2005, Plaintiffs Randy Liu and Monica Chen signed a Promissory Note with Homecomings Financial Network, Inc. (HFN) secured by property located at 7145 S.W. 142nd Ave., Beaverton, Oregon.  Plaintiffs also entered into a Trust Deed as to that property with Plaintiffs as "borrowers," Transnation Title as Trustee, and HFN as the lender and beneficiary.  It is undisputed that GMAC Mortgage Corporation was the servicer of the Note.

The Trust Deed was recorded in Washington County, Oregon, on April 27, 2005.

Plaintiffs allege HFN "immediately" sold Plaintiffs' "Loan"[1] to Defendant Fannie Mae, who retained GMAC as the servicer of the Note.

On July 25, 2005, an Assignment of Deed of Trust was recorded in Washington County in which HFN "grant[ed], [sold], assign[ed], transfer[red], and convey[ed] to GMAC Mortgage Corporation" the Plaintiffs' Trust Deed.

On August 4, 2011, GMAC executed an Appointment of Successor Trustee in which GMAC appointed Defendant NWTS as successor

---

[1] The Complaint uses the term "loan" to mean the Promissory Note.

3 - OPINION AND ORDER

trustee of the Plaintiff's Trust Deed.

On August 10, 2011, the Appointment of Successor Trustee was recorded in Washington County.  Also on August 10, 2011, NWTS executed a Notice of Default and Election to Sell against Plaintiffs' property in which NWTS alleged a default on the Note and initiated a nonjudicial foreclosure of Plaintiffs' property.

On August 11, 2011, the Notice of Default and Election to Sell was recorded in Washington County.

On December 6, 2011, NWTS sold Plaintiffs' property to Fannie Mae.

On March 16, 2012, Plaintiffs filed in this Court a Complaint for Declaratory Relief Invalidating Nonjudicial Foreclosure for Failure to Comply with ORS 86.705 to ORS 86.795 and Permanent Injunctive Relief in which they seek a declaratory judgment setting aside, voiding, and invalidating the foreclosure; a permanent injunction enjoining Defendants from conducting a subsequent nonjudicial foreclosure without recording any assignments of the Trust Deed; and costs and attorneys' fees.

On April 2, 2012, this Court certified four questions to the Oregon Supreme Court pursuant to Oregon Revised Statute § 28.200 related to nonjudicial foreclosures in Oregon including the following question:  Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the

4 - OPINION AND ORDER

commencement of nonjudicial foreclosure proceedings under Oregon
Revised Statute § 86.735(1)?  *See Brandrup v. ReconTrust Co.*, No.
3:11-CV-1390-HZ (D. Or. Apr. 2, 2012).  On July 19, 2012, the
Oregon Supreme Court accepted certification.

On September 25, 2012, Fannie Mae filed a Motion for Summary
Judgment as to all of Plaintiffs' claims.  On October 4, 2012,
NWTS filed a Motion for Summary Judgment as to all of Plaintiffs'
claims.

## STANDARDS

Summary judgment is appropriate when "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law."  *Washington Mut. Ins. v. United
States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R.
Civ. P. 56(a).  The moving party must show the absence of a
genuine dispute as to a material fact.  *Emeldi v. Univ. of Or.*,
673 F.3d 1218, 1223 (9th Cir. 2012).  In response to a properly
supported motion for summary judgment, the nonmoving party must
go beyond the pleadings and point to "specific facts
demonstrating the existence of genuine issues for trial."  *In re
Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)
"This burden is not a light one. . . .  The non-moving party must
do more than show there is some 'metaphysical doubt' as to the
material facts at issue."  *Id.* (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

"A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009)(citation omitted).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the

resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.   *Id.*

## DEFENDANT NWTS'S MOTION (#15)
## FOR SUMMARY JUDGMENT

In its Motion NWTS asserts, among other things, that Plaintiffs do not have a cause of action against it for wrongful foreclosure because under Oregon Revised Statute § 86.790(7) "[t]he trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the trust deed."   Plaintiff did not respond to NWTS's assertion in their Response to NWTS's Motion for Summary Judgment.

The Court concludes NWTS's argument is well taken.   In a number of cases in this District, the court has dismissed the plaintiffs' claims for wrongful foreclosure against trustees on the ground that under Oregon Revised Statute § 86.790(7) trustees do not have any fiduciary duty to grantors of trust deeds.   For example, in *Rapacki v. Chase Home Finance, LLC,* the court dismissed the plaintiff's wrongful foreclosure claim as to NWTS on the ground that

> even if some of the damages plaintiff seeks from
> NWTS under this claim are in some way obtainable
> in a contract action, NWTS, as a successor
> trustee, is not a party to the Deed of Trust or
> the underlying note and thus, plaintiff may not
> pursue an implied good faith claim against NWTS.

797 F. Supp. 2d 1085, 1091-92 (D. Or. 2011).  The court pointed

out that

> [w]hile Oregon courts have formerly held that a
> trustee under a deed of trust acts in a fiduciary
> capacity, subsequent revisions to [§ 86.790] have
> abrogated this holding as it pertains to trust
> deed grantors. . . .  No other basis for a special
> relationship capable of supporting a tortious bad
> faith claim is apparent from the Complaint.

*Id.*  In *Medici v. JPMorgan Chase Bank, N.A.,* the court dismissed

the plaintiff's wrongful foreclosure claim as to NWTS on the

grounds that

> [n]othing in the text or context of ORS 86.753
> suggests that the legislature intended to create a
> duty on the part of a trustee that, if breached,
> could make it liable to the grantor of a trust
> deed. . . .  Moreover, ORS 86.790 states that a
> trustee "shall have no fiduciary duty or fiduciary
> obligation to the grantor or other persons having
> an interest in the property subject to the trust
> deed ."

No. 3:11-CV-00959-HA, 2012 WL 929785, at *6 (D. Or. Mar. 16,

2012)(quoting Or. Rev. Stat. § 86.790(7)).

    The Court adopts the reasoning of *Rapacki* and *Medici* and

concludes Plaintiffs may not bring a claim for wrongful

foreclosure against NWTS in this matter.  Accordingly, the Court

grants NWTS's Motion for Summary Judgment and dismisses this

action as to NWTS.

## FANNIE MAE'S MOTION (#13) MOTION
## FOR SUMMARY JUDGMENT

**I.    Notes and Deeds of Trust generally in Oregon.**

Under Oregon law "'[t]rust deed' means a deed executed in conformity with ORS 86.705 to 86.795, and conveying an interest in real property to a trustee . . . to secure the performance of an obligation owed by the grantor . . . to a beneficiary." Or. Rev. Stat. § 86.705(5). A trustee is "a person, other than the beneficiary, to whom an interest in real property is conveyed by a trust deed, or such person's successor in interest." Or. Rev. Stat. § 86.705(6). A beneficiary is "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest . . . ." Or. Rev. Stat. § 86.705(1).

**II.   Foreclosure in Oregon.**

In Oregon there are two methods of foreclosing on a property: judicial and nonjudicial. When judicial foreclosure is pursued, the beneficiary of the trust deed initiates the foreclosure process under the law for foreclosure of mortgages found in Oregon Revised Statute § 86.710. When nonjudicial foreclosure is pursued, the trustee named in the trust deed initiates the foreclosure process. Under the Oregon Trust Deed Act (OTDA), nonjudicial foreclosure is only available when all of the requirements of Oregon Revised Statute § 86.735 are met.

Of particular relevance to this matter, Oregon Revised

9 - OPINION AND ORDER

Statute § 86.735(1) requires the trust deed and any assignments thereof to be recorded in the county records before the trustee may initiate a nonjudicial foreclosure. As noted, the Oregon Supreme Court has accepted certification on the issue as to whether the transfer of a promissory note from the lender to a successor also results in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under Oregon Revised Statute § 86.735(1).

## III. Foreclosure in this case.

In their Complaint Plaintiffs assert the nonjudicial foreclosure of their property was invalid because Fannie Mae was "the owner of the loan and the beneficiary of an unrecorded assignment of the [Trust Deed] . . . before initiation of the non-judicial foreclosure" by NWTS, but there was never a recorded assignment of the Trust Deed to Fannie Mae in violation of Oregon Revised Statute § 86.735(1). In essence, Plaintiffs contend when HFN sold Plaintiffs' note to Fannie Mae, HFN also, by default, assigned the trust deed to Fannie Mae because under Oregon law as set out in *Niday v. GMAC Mortgage, LLC*, 251 Or. App. 278 (2012), and other cases, the trust deed must follow the loan. According to Plaintiffs, therefore, there was an unrecorded transfer of the trust deed to Fannie Mae at the time the nonjudicial foreclosure proceedings were initiated in violation of Oregon Revised Statute

10 - OPINION AND ORDER

§ 86.735(1).

Defendants move for summary judgment as to Plaintiffs' claim on the grounds that (1) Judge Owen Panner in *Sharpe v. Wells Fargo Home Mortgage*, No. Civ. 11-3020-PA, 2011 WL 5825927 (D. Or. Nov. 16, 2011), rejected arguments similar to Plaintiffs' arguments under virtually identical circumstances and (2) the only way Plaintiffs can challenge Fannie Mae's failure to comply with its statutory obligations in this nonjudicial foreclosure is through an action under Oregon Revised Statute § 86.742, and Plaintiffs have not met the requirements of that statute.

**A.    Judge Panner's decision in *Sharpe* requires analysis of a question that has been accepted for certification by the Oregon Supreme Court.**

As noted, Defendants assert Judge Panner rejected arguments in *Sharpe* similar to Plaintiffs' arguments under virtually identical circumstances.

In *Sharpe* the plaintiffs signed a promissory note in favor of Washington Mutual secured by a Trust Deed.  The Trust Deed named Washington Mutual as the lender and beneficiary. Washington Mutual was also the servicer of the promissory note. Washington Mutual sold the note to Fannie Mae in 2004, but it remained the beneficiary of the Trust Deed and continued to service the promissory note.  2011 WL 5825927, at *2.   On February 1, 2007, Washington Mutual transferred servicing of the note to Wells Fargo Home Mortgage.  On February 21, 2007,

11 - OPINION AND ORDER

Washington Mutual assigned the Trust Deed to Wells Fargo Home Mortgage.  At some point Wells Fargo recorded the assignment of the Trust Deed.  In August 2010 the plaintiffs defaulted on the promissory note.  On October 28, 2010, Wells Fargo appointed NWTS as successor trustee.  On October 28, 2010, NWTS recorded a Notice of Default and Election to Sell.  2011 WL 5825927, at *2. The plaintiffs filed a complaint in this district asserting several theories as to why Wells Fargo's nonjudicial foreclosure proceedings were unlawful.  Ultimately the court granted summary judgment to Wells Fargo as to the plaintiffs' claim for violation of the OTDA and concluded Wells Fargo complied with all the requirements of the OTDA.  2011 WL 5825927, at *1.  The court noted the requirements of Oregon Revised Statute § 86.735(1) and agreed with the premise that "Oregon law permits foreclosure without the benefit of a judicial proceeding only when the interest of the beneficiary is clearly documented in a public record."  2011 WL 5825927, at *2 (quoting *Hooker v. N.W. Trustee Svc., Inc.*, No. 10-CV-3111-PA, 2011 WL 2119103, at *3-4 (D. Or. May 25, 2011)).  The court noted the requirement was "consistent with the longstanding rule that the trust deed . . . generally follows the note."  *Id.* (citation omitted).  The court concluded, "[t]herefore, Washington Mutual's 2004 sale of plaintiffs' loan [note] to Fannie Mae was [also] an assignment of the beneficial interest in the trust deed."  *Id.*  Finally, the court held

"[b]ecause under Oregon law, a servicer can proceed in its own name on behalf of the note holder, Wells Fargo's appearance in the county land records, which [Wells Fargo] recorded prior to initiating non-judicial foreclosure proceedings, satisfies ORS 86.735(1)." *Id.*

> ORS 86A.175(3)(C) allows a servicer to initiate non-judicial foreclosure proceedings in its own name.  ORS 86A.175(3)(A) allows a servicer to hold the note in its own name (on behalf of the note holder).  ORS 86A.175(3)(B) allows a servicer to collect payments on the note in its own name.  I agree with defendant that it necessarily follows that ORS 86A.175(3) allows a lender to sell a loan and then record an assignment of the trust deed to the subsequent servicer, provided ORS 86A.175(3) and the note holder allow the subsequent servicer to proceed in its own name.

*Id.*, at *3.

Even though the *Sharpe* court concluded servicers may proceed with nonjudicial foreclosures in their own names, a point with which this Court agrees generally, the court also concluded "Washington Mutual's 2004 sale of plaintiff's loan [note] to Fannie Mae was [also] an assignment of the beneficial interest in the trust deed," and, therefore, the servicer in that case complied with the requirements of § 86.735.  Thus, the court included in its analysis the underlying assumption that the lender's sale of the plaintiffs' note to Fannie Mae was also an assignment of the beneficial interest in the trust deed by operation of law.  As noted, this issue has been accepted for certification by the Oregon Supreme Court.

13 – OPINION AND ORDER

As Plaintiffs note, although

> ORS 86A.175 allows servicers to conduct activities
> in their own names and includes conducting
> judicial or non-judicial foreclosures, nothing in
> ORS 86A.175 obviates any of the requirements of
> ORS 86.705 to ORS 86.795.  Nothing in ORS 86A.175
> . . . empower[s] a Servicer to initiate a
> nonjudicial foreclosure where any of the
> preconditions in ORS 86.735 is not satisfied.

> * * *

> Nothing in ORS 86A.175 . . . obviates the
> requirement that assignments of the [D]eed of
> Trust must be recorded.  [Accordingly,] Fannie
> Mae, as the Successor Lender and principal of
> GMAC, cannot conduct a non-judicial foreclosure
> without recording all assignments of the Deed of
> Trust as required by ORS 86.735(1).  If Fannie Mae
> cannot conduct a non-judicial foreclosure without
> recording all of those assignments, then ORS
> 86A.175 does not allow a servicer to conduct
> actions that its principal cannot.  *Vaughn v.
> First Transit, Inc.*, 346 Or 128 (2009); *Generally
> Kuhns v. Horn*, 223 Or 547 (1960).  [HFN] sold
> Plaintiffs' [note] and assigned the trust deed to
> Fannie Mae by operation of law shortly after
> origination of Plaintiffs' loan. . . .
> Defendant[, however,] argues that an assignment of
> the trust deed from [HFN] to GMAC is the exact
> same thing as an assignment from the [HFN] to
> Fannie Mae and satisfies ORS 86.735(1).
> Defendants are mistaken.

Pls.' Resp. at 9-10.

The Court, therefore, declines to grant Summary Judgment to Fannie Mae at this time because the basis of the court's decision in *Sharpe* is currently before the Oregon Supreme Court.

14 - OPINION AND ORDER

**B.   Oregon Revised Statute § 86.742.**[2]

Former Oregon Revised Statute § 86.742 provided in

pertinent part:

> (1)   If the trustee fails to give notice of the
> sale to any person entitled to notice under ORS
> 86.740(1)(c), and such person did not have actual
> notice of the sale at least 25 days prior to the
> date the trustee conducted the sale, such omitted
> person shall have the same rights possessed by the
> holder of a junior lien or interest who was
> omitted as a party defendant in a judicial
> foreclosure proceeding.
>
> * * *
>
> (2)   The omitted person may also commence an
> action against the trustee in the circuit court in
> the county where the real property is located.   In
> an action against the trustee, the omitted person
> shall be entitled to damages upon proof that:
>
>> (a)   The trustee did not give notice of the
>> sale to the omitted person in the manner
>> required by ORS 86.740(1)(c) and 86.750;
>>
>> * * *
>>
>> (c)   The omitted person could and would have
>> cured the default under ORS 86.753; and
>>
>> (d)   The omitted person sustained actual
>> damages as a result of such person's loss of
>> the opportunity to cure the default under ORS
>> 86.753(1).
>
> (3)   In an action against the trustee under
> subsection (2) of this section, any defendant or
> third party defendant may move for dismissal on

---

[2] The Oregon Legislature changed the provisions of
§ 86.742 and § 86.740 effective July 2012.   Because the prior
statutory scheme was the operative law at the time of the notice,
foreclosure, and commencement of this action, the Court analyzes
the issues under the earlier version of the OTDA.

15 - OPINION AND ORDER

the ground that the omitted person would not or
could not have cured the default and reinstated
the trust deed if the omitted person had received
the notice required by ORS 86.740(1)(c).

\* \* \*

(4)  In any action against the trustee or any
other party under this section the omitted person
shall plead that the omitted person did not have
actual knowledge of the sale at least 25 days
prior to the date the trustee conducted the sale,
but thereafter the defendant shall have the burden
of proving that the omitted person did have such
notice.

\* \* \*

(6)  The remed[y] described in subsection[] (1)
. . . of this section shall be the sole remed[y]
available to a person entitled to notice of
foreclosure by advertisement and sale under ORS
86.740(1)(c), who failed to receive such notice.

Former Oregon Revised Statute § 86.740(1) provided in pertinent

part:

(1)  Subsequent to recording notice of default as
provided in ORS 86.735 and at least 120 days
before the day the trustee conducts the sale,
notice of the sale shall be served pursuant to
ORCP 7 D(2) and 7 D(3) or mailed by both first
class and certified mail with return receipt
requested, to the last-known address of the
following persons or their legal representatives,
if any:

(a)  The grantor in the trust deed.

\* \* \*

(c)  Any person, including the Department of
Revenue or any other state agency, having a
lien or interest subsequent to the trust deed
if the lien or interest appears of record or
the beneficiary has actual notice of the lien
or interest.

16 - OPINION AND ORDER

As noted, Defendants contend the only way Plaintiffs can challenge Fannie Mae's failure to comply with statutory obligations in a nonjudicial foreclosure is through an action under Oregon Revised Statute § 86.742, and Plaintiffs here have not satisfied the requirements of that statute.  Defendants rely on *Stations West, LLC v. Pinnacle Bank of Oregon*, Civil No. 06-1419-KI, 2007 WL 1219952 (D. Or. Apr. 23, 2007), to support their contention.

In *Stations West* the defendant provided the plaintiff with a construction loan, and the plaintiff and the defendant entered into a Construction Loan Agreement and Promissory Note. The plaintiff defaulted on the Note, and the defendant sent a notice of delinquency to the plaintiff.  Months later the defendant began the nonjudicial foreclosure process by filing and recording a Notice of Default and Election to Sell in Yamhill County.  The plaintiff filed an action in state court to enjoin the trustee's sale.  2007 WL 1219952, at *1.  The state court ordered the plaintiff to pay a bond by October 2, 2006, but the plaintiff failed to post the bond.  Accordingly, the substitute trustee sold the property at public auction.  The plaintiff brought an action in federal court alleging, among other things, wrongful foreclosure.  In particular, the plaintiff alleged "there were flaws in following the notice requirements of ORS 86.735 and 86.745 . . . [and] ask[ed] the court to enjoin the

sale of the property and declare the sale void."  *Id.*, at *6.
The defendant moved to dismiss the plaintiff's wrongful
foreclosure claim on the grounds that

> plaintiff's right to bring a civil action for
> these violations is contained in ORS 86.742.  That
> statute requires plaintiff to meet certain
> criteria in order to seek relief from the court.
> Specifically, plaintiff must not have received
> actual notice of the sale at least 25 days prior
> to the sale, and must state that it could and
> would have cured the default.

> *  *  *

> In addition, because plaintiff is alleging that
> the notices were defective since they did not
> describe the amount owing, plaintiff must also
> plead that it requested the information from the
> trustee and the information was not provided.  *See*
> ORS 86.742(a).

> Finally, plaintiff must plead that it suffered
> "actual damages as a result of the . . . loss of
> opportunity to cure the default."  ORS
> 86.742(2)(c).

*Id.*, at *6.  The court noted the plaintiff did not allege in the

complaint that it did not receive proper notice of the sale or

include either of the other allegations suggested by the

defendant.  The plaintiff, in turn, asserted "ORS 86.742 is

irrelevant to its case.  Instead, plaintiff alleged the trustee

did not comply with his statutory obligations under ORS 86.735."

*Id.*  The court concluded:

> The only way plaintiff can challenge Parker's
> failure to comply with statutory obligations,
> including ORS 86.735, in arranging for the
> nonjudicial foreclosure of the trust deed is by
> bringing a suit under ORS 86.742.  In order to do

so, plaintiff must meet the criteria of that statute; plaintiff must allege it requested information from the trustee as described in ORS 86.759, allege it did not have actual notice of the sale, that it could have and would have cured the default if the defective notice was proper, and allege the actual damages from its lost opportunity to cure the default. Absent these allegations, plaintiff has no claim against Parker for violation of ORS 86.735. Since plaintiff argues that ORS 86.742 is irrelevant, it appears allowing him to make his first claim for relief more definite and certain would be useless.

Furthermore, plaintiff alleges in his third claim that "any sale made pursuant to the Notice of Default and Election to Sell is void," an allegation that hinges on a claim pursuant to ORS 86.742. Plaintiff also seeks to have the October 3, 2006 sale enjoined. Since it is now April 2007, and plaintiff has no corresponding allegation that the sale has not taken place, plaintiff's third claim for relief against Parker should also be dismissed.

*Id.*, at *7.

Defendants here assert Plaintiffs have not established by clear and convincing evidence that they had the financial ability to cure the default before the trustee's sale. Defendants point out that Plaintiffs also do not allege they did not receive proper notice of the foreclosure as required before bringing an action under § 86.742.

Plaintiffs assert Defendants' arguments fail because § 86.742 does not apply to Plaintiffs by its express terms because Fannie Mae did not met the express terms of § 86.735.

1.   **Oregon Revised Statute § 86.742 does not apply to grantors of trust deeds such as Plaintiffs.**

As noted, former § 86.742 provides:   "(1) If the trustee fails to give notice of the sale to any person entitled to notice under ORS *86.740 (1)(c), . . . such omitted person* shall have the same rights possessed by the holder of a junior lien or interest who was omitted as a party defendant in a judicial foreclosure proceeding."   Emphasis added.   Oregon Revised Statute § 86.742(6) provides:   "The remed[y] described in subsection[] (1) . . . of this section shall be the sole remed[y] available to *a person entitled to notice of foreclosure by advertisement and sale under ORS 86.740 (1)(c)*, who failed to receive such notice."   Emphasis added.   In addition, former Oregon Revised Statute § 86.740(1)(c) applied only to "[a]ny person . . . having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest."   Grantors of trust deeds were not included in this definition, but instead were specifically referenced in § 86.740(1)(a).

Under the statutory scheme of the former OTDA, § 86.742 only limited actions by individuals described in § 86.770(1)(c) (*i.e.*, "[a]ny person[s] . . . having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest.").   By its terms, § 86.742 did not limit

actions by individuals set out in § 86.740(1)(1).

Accordingly, because Plaintiffs were grantors of a trust deed and notice to them was required under § 86.740(1)(a) and because the limitation on actions for violation of § 86.735 (as set out in § 86.742(6)) applies *only* to persons entitled to notice under § 86.740(1)(c), Plaintiffs are not limited to an action under § 86.742 to challenge Defendants' alleged failure to comply with § 86.735 nor are Plaintiffs required to plead or to prove the requirements of § 86.742 such as the ability to cure a default.

Although *Stations West* appears to support Defendants' interpretation of § 86.742, the court in that case did not examine the specific language in § 86.742.  It does not appear that either party in *Stations West* made any argument based on the fact that § 86.742 applies only to persons entitled to notice under § 86.740(1)(c).  Moreover, although the Ninth Circuit affirmed *Stations West*, it specifically "[a]ssum[ed] Stations West may proceed on . . . a claim" for violation of § 86.735.  Accordingly, the Ninth Circuit did not address or analyze whether the district court properly decided the plaintiff could proceed with its claim only under § 86.742.

In contrast, in *Celestino v. Recontrust Company, N.A.*, Chief Judge Ann Aiken rejected the defendant's assertion that the plaintiff's failure to comply with the provisions of § 86.742 was

an insufficient basis to dismiss the plaintiff's action for wrongful foreclosure.

> Despite defendants' argument to the contrary, Or.
> Rev. Stat § 86.742(3), requiring evidence of
> financial ability to cure a default, does not
> apply where a plaintiff challenges the authority
> to pursue nonjudicial foreclosure; rather, that
> provision applies when a plaintiff alleges the
> failure to give notice of a foreclosure sale.

No. 6:11-CV-6367-AA, 2012 WL 1805495, at *4 (D. Or. May 16, 2012).

In summary, § 86.742 on its face does not support Defendants' assertion that Plaintiffs are limited to challenging Defendants' alleged failure to comply with the requirements of § 86.735 through § 86.742 and that Plaintiffs must satisfy the requirements of § 86.742 before doing so.   In addition, *Stations West* does not resolve the issue for the reasons noted above.

### 2.   Defendants have not met the preconditions of § 86.735, and, therefore, § 86.742 does not apply.

Plaintiffs also assert § 86.742 does not limit them to an action under § 86.742 because the right and ability to send the notice required by § 86.740 is expressly conditioned on compliance with § 86.735, which provides that a trustee may foreclose by advertisement and sale only after it has satisfied the requirements set forth in § 86.735(1-4).   According to Plaintiffs, Defendants did not have the authority to conduct a nonjudicial foreclosure or to send the Notice of Sale pursuant to § 86.740 because Defendants failed to comply with § 86.735.

22 - OPINION AND ORDER

Plaintiffs rely on *Celestino* and *Staffordshire Investments, Inc.*
*v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528 (2006), to
support their assertion.

   In *Celestino* the plaintiff brought an action for
wrongful foreclosure against the defendants on the ground that
the trustee's sale of her property was unauthorized because the
defendants did not comply with the conditions of § 86.735 before
conducting the sale.  In particular, the plaintiff alleged, among
other things, that the defendants failed to record all transfers
of the trust deed because the defendants transferred the note,
and, therefore, by operation of law, the trust deed was also
transferred, but that transfer of the trust deed was unrecorded.
2012 WL 1805495, at *1.  Judge Aiken noted this Court had
certified that issue, among others, to the Oregon Supreme Court,
and, "absent compliance with the preconditions set forth in
§ 86.735, there is no authority to foreclose by advertisement and
sale under the OTDA and § 86.770(1) is inapplicable."  *Id.*, at
*3.  Judge Aiken concluded:

> Aside from MERS' status as beneficiary, this case
> raises serious questions regarding whether
> transfers of the Note resulted in assignments of
> the DOT under Oregon law.  To date, neither the
> Oregon Court of Appeals nor the Oregon Supreme
> Court has addressed whether . . . transfers of a
> note result in assignments of the securing trust
> deed that must be recorded prior to nonjudicial
> foreclosure.  This Court has attempted to resolve
> these issues, without consensus.  *See, e.g.*,
> *James*, 2012 WL 653871; *Reeves v. ReconTrust Co.*,
> 2012 WL 652681 (D. Or. Feb. 28, 2012); *Beyer v.*

> *Bank of Am.*, 800 F. Supp. 2d 1157 (D. Or. 2011);
> *Hooker*, 2011 WL 2119103; *Burgett v. Mortg. Elec.*
> *Registration Sys., Inc.*, 2010 WL 4282105 (D. Or.
> Oct. 20, 2010). Ultimately, this Court certified
> four questions to the Oregon Supreme Court to
> resolve these important issues of Oregon law. *See*
> *supra* at 4-5.
>
> The parties' primary arguments raise questions
> similar to those certified.  Therefore, I find it
> appropriate to stay plaintiff's First, Second,
> Third, and Sixth Claims for Relief pending a
> decision by the Oregon Supreme Court.

*Id.*, at *5.  The Court agrees with Judge Aiken's analysis and

concludes stay of this issue is appropriate in light of the

issues certified to the Oregon Supreme Court.

In summary, the Court concludes Plaintiffs' claim against

Fannie Mae and Fannie Mae's Motion for Summary Judgment involve

an issue that the Oregon Supreme Court has accepted for

certification.  The Court, therefore, finds it appropriate to

stay Plaintiffs' claim as to Fannie Mae as well as Fannie Mae's

Motion for Summary Judgment pending a decision by the Oregon

Supreme Court as to the issues certified.


## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#15) of NWTS

for Summary Judgment.  The Court **STAYS** this matter as to

Plaintiff's claim against Fannie Mae and **DENIES** with leave to

renew Fannie Mae's Motion (#13) for Summary Judgment after a

decision by the Supreme Court of Oregon on the four certified

questions that are potentially relevant to this action.  The Stay
is in effect until 30 days after the Supreme Court issues a
decision on the four certified questions unless the Court orders
otherwise..

    IT IS SO ORDERED.

    DATED this 19th day of December, 2012.


                                    _____
                                    ANNA J. BROWN
                                    United States District Judge