IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY LIU and MONICA CHEN,　　　　　　　　3:12-CV-00484-BR
husband and wife,

　　　　Plaintiffs,　　　　　　　　　　　　OPINION AND ORDER

v.

NORTHWEST TRUSTEE SERVICES,
INC., and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

　　　　Defendants.


**JEFFREY A. MYERS**
**JOHN P. BOWLES**
**TIMOTHY J. ZIMMERMAN**
Bowles Fernandez Law LLC
5200 S.W. Meadows Road
Suite 150
Lake Oswego, OR 97025
(503) 726-5930

　　　　Attorneys for Plaintiffs

**TERESA M. SHILL**
Routh Crabtree Olsen, PC
511 S.W. Tenth Avenue
Suite 400
Portland, OR 97205
(503) 977-7926

　　　　Attorneys for Defendant Northwest Trustee Services,
　　　　Inc.

1 - OPINION AND ORDER

**WILLIAM G. FIG**
Sussman Shank, LLP
1000 S.W. Broadway
Suite 1400
Portland, OR 97205
(503) 227-1111

       Attorneys for Defendant Federal National Mortgage
       Association

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#28) to Amend Complaint.

For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

## BACKGROUND

The facts in this matter are undisputed unless otherwise noted:

On April 20, 2005, Plaintiffs Randy Liu and Monica Chen signed a Promissory Note with Homecomings Financial Network, Inc. (HFN) secured by property located at 7145 S.W. 142nd Ave., Beaverton, Oregon. Plaintiffs also entered into a Trust Deed as to that property with Plaintiffs as "borrowers," Transnation Title as Trustee, and HFN as the lender and beneficiary. It is undisputed that GMAC Mortgage Corporation was the servicer of the Note.

The Trust Deed was recorded in Washington County, Oregon, on

April 27, 2005.

Plaintiffs allege HFN "immediately" sold Plaintiffs' "Loan"[1] to Defendant Fannie Mae, who retained GMAC as the servicer of the Note.

On July 25, 2005, an Assignment of Deed of Trust was recorded in Washington County in which HFN "grant[ed], [sold], assign[ed], transfer[red], and convey[ed] to GMAC Mortgage Corporation" the Plaintiffs' Trust Deed.

On August 4, 2011, GMAC executed an Appointment of Successor Trustee in which GMAC appointed Defendant Northwest Trustee Services, Inc. (NWTS) as successor trustee of the Plaintiff's Trust Deed.

On August 10, 2011, the Appointment of Successor Trustee was recorded in Washington County.  Also on August 10, 2011, NWTS executed a Notice of Default and Election to Sell against Plaintiffs' property in which NWTS alleged a default on the Note and initiated a nonjudicial foreclosure of Plaintiffs' property.

On August 11, 2011, the Notice of Default and Election to Sell was recorded in Washington County.

On December 6, 2011, NWTS sold Plaintiffs' property to Fannie Mae.

On March 16, 2012, Plaintiffs filed in this Court a

---

[1] The Complaint uses the term "loan" to mean the Promissory Note.

3 - OPINION AND ORDER

Complaint for Declaratory Relief Invalidating Nonjudicial Foreclosure for Failure to Comply with ORS 86.705 to ORS 86.795 and Permanent Injunctive Relief in which they seek a declaratory judgment setting aside, voiding, and invalidating the foreclosure; a permanent injunction enjoining Defendants from conducting a subsequent nonjudicial foreclosure without recording any assignments of the Trust Deed; and costs and attorneys' fees.

On April 2, 2012, this Court certified four questions to the Oregon Supreme Court pursuant to Oregon Revised Statute § 28.200 related to nonjudicial foreclosures in Oregon, which included the following question:  Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under Oregon Revised Statute § 86.735(1)?  *See Brandrup v. ReconTrust Co.*, No. 3:11-CV-1390-HZ (D. Or. Apr. 2, 2012).  On July 19, 2012, the Oregon Supreme Court accepted certification.

On September 25, 2012, Fannie Mae filed a Motion for Summary Judgment as to all of Plaintiffs' claims.  On October 4, 2012, NWTS filed a Motion for Summary Judgment as to all of Plaintiffs' claims.

On December 19, 2012, the Court issued an Opinion and Order granting NWTS's Motion for Summary Judgment, staying this matter

4 - OPINION AND ORDER

as to Plaintiffs' remaining claim against Fannie Mae, and denying with leave to renew Fannie Mae's Motion for Summary Judgment.

On June 6, 2013, the Oregon Supreme Court issued an Opinion as to the questions certified by this Court in *Brandrup v. ReconTrust Company*.

On July 29, 2013, Plaintiffs filed a Motion to Amend Complaint in which they seek leave to amend their Complaint "to comport with" the ruling in *Brandrup*. On August 6, 2013, Fannie Mae filed an Opposition to Plaintiffs' Motion to Amend. The Court took Plaintiffs' Motion under advisement on August 6, 2013.

## I. Plaintiffs' proposed amendment to their Complaint

Plaintiffs seek leave to file an Amended Complaint for Declaratory Relief Invalidating Non-judicial Foreclosure for Failure to Comply with ORS 86.705 to ORS 86.795 in which they withdraw their claim for permanent injunction. Plaintiffs continue to seek a declaratory judgment setting aside, voiding, and invalidating the foreclosure on the ground that the Notice of Sale "does not contain any reference whatsoever to Fannie Mae and does not identify Fanny Mae as the beneficiary" in violation of Oregon Revised Statute § 86.745(1). Proposed Am. Compl. at ¶ 34. Plaintiffs also seek to set aside the foreclosure sale on the ground of unspecified "unrecorded written assignments of the Trust Deed."

Defendants assert Plaintiffs' proposed amendment would be

futile because Plaintiffs' claims are barred by Oregon Revised Statute § 86.770.

**II.  Discussion**

Defendants assert Plaintiffs' claim is barred by Oregon Revised Statute § 86.770 because Plaintiffs do not and cannot allege they did not receive the notice required under Oregon Revised Statute § 86.740, the foreclosure sale was completed, and the property was sold to a *bona fide* purchaser.

Oregon Revised Statute § 86.770(1) provides:

> If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given.  A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

This Court, other courts in this district, and Oregon state courts have held § 86.770 bars rescission of a foreclosure sale when a borrower has received the notice required under § 86.740 and the property is sold to a *bona fide* purchaser.

For example, in *Mikityuk v. Northwest Trustee Services, Inc.*, the court addressed whether plaintiffs who admitted they were in default and had received notice of a trustee's sale could challenge the validity of the sale after the trustee's sale was

6 - OPINION AND ORDER

conducted and the purchase of the property by a *bona fide* purchaser was recorded. No. 3:12-CV-1518-PA, 2013 WL 3388536, at *3 (D. Or. June 26, 2013). In *Mikityuk* the plaintiffs defaulted on the promissory note and trust deed securing their property. The defendants sold the plaintiffs' property to a *bona fide* purchaser at a trustee sale after the defendants provided the plaintiffs with notice of the sale. The plaintiffs filed an action to have the sale set aside after the sale was completed and the transfer of the trust deed was recorded. The defendants moved to dismiss on the ground that "ORS 86.770(1) requires any challenges to a non-judicial foreclosure . . . [to] be made before the trustee's sale." *Id.*, at *3. The court analyzed the terms of § 86.770(1) and concluded the statute was "ambiguous as to when a trustee's sale 'forecloses and terminates' another's property interest." *Id.*, at *4. The court also concluded the statute was ambiguous as to "whether one whose interest was foreclosed by the trustee's deed may raise post-sale challenges to the proceedings." *Id.* After reviewing § 86.770 in the context of the Oregon Trust Deed Act (OTDA) as a whole, the legislative history, and Oregon cases involving the issue of post-sale challenges to foreclosures, the court concluded § 86.770(1) bars challenges to the validity of a trustee's sale after the sale is completed and the purchase of the property by a *bona fide* purchaser is recorded. *Id.*, at *10. The court noted

> [t]he legislature provided notice and
> reinstatement provisions to protect grantors
> against the threat of wrongful foreclosure.
> Voiding the sale here would encourage grantors who
> receive notice of a sale to sit on their rights,
> rather than compelling grantors to bring pre-sale
> challenges to a trustee's sale.  Grantors are wise
> to raise any challenges to non-judicial
> foreclosure proceedings, including challenges
> based on ORS 86.735, before the statutory
> presumption of finality contained in ORS 86.780.
> Post-sale challenges run the risk of being barred,
> as is the case here, because the grantors'
> interest in the property was "foreclosed and
> terminated" pursuant to ORS 86.770(1).

*Id.*, at *10.  The court, therefore, granted the defendants' motion to dismiss.

In *Chen v. Bank of America, N.A.*, the plaintiff filed an action to set aside a completed nonjudicial foreclosure sale on the ground that, among other things, the Notice of Default and Election to Sell was not signed or dated by a "notorial officer" in violation of the provisions of the Oregon Trust Deed Act. No. 3:12-CV-194-PA, 2013 WL 3929854, at *1 (D. Or. July 25, 2013).  The plaintiff admitted he received notice of the defendants' intention to sell the plaintiff's property, that his property had been sold, and that the transfer of the Trust Deed had been recorded before he filed his action to set aside the sale.  *Id*.  The court concluded:

> Like the plaintiffs in *Mikityuk*, plaintiff's
> challenges to the non-judicial foreclosure sale
> here are barred.  As plaintiff received advance
> notice of the sale, his interest in the property
> was "foreclosed and terminated."  ORS 86.770(1).
> Plaintiff's argument that notice here was

8 - OPINION AND ORDER

> ineffective because it was not signed and dated by a notorial officer is meritless. The time to make such a challenge is long passed. As discussed in *Mikityuk*, the notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale. 2013 WL 3388536 at *6 (citing *Staffordshire Investments, Inc. V. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542 (2006); *NW Property Wholesalers, LLC v. Spitz*, 252 Or. App. 29, 34 (2012)).
>
> Although plaintiff here had sufficient time to raise any of the current challenges before the sale, he chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed. Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was foreclosed and terminated.

*Id.*, at *2 (quotation omitted). The court also denied the plaintiff's request for leave to file an amended complaint to "align [his claims] with the recent Oregon Supreme Court opinions in *Brandrup v. ReconTrust Co.*, 353 Or. 668 (June 6, 2013) and *Niday v. GMAC Mortgage, LLC*, 353 Or. 648 (June 6, 2013)." The court noted "[t]hose opinions concerned MERS and the [ODTA]. An amended complaint, however, would be futile. *Brandrup* and *Niday* dealt with pre-sale challenges to non-judicial foreclosure sales. Neither case affects the outcome here, where plaintiff's claims are barred due to ORS 86.770(1)." *Id.*

The Court adopts the reasoning of *Mikityuk*, *Chen*, and other decisions in this district and Oregon courts. *See, e.g., Nelson v. Am. Home Mortg. Svc., Inc.*, No. 3:13-CV-00306-BR, 2013 WL

9 - OPINION AND ORDER

3834656, at *4 (D. Or. July 24, 2013); *Hart v. Pacific Trust Bank,* No. 1:12-CV-705-PA, 2013 WL 4829172, at *2 (D. Or. Sept. 9, 2013); *Offenbacher-Afolau v. ReconTrust*, Multnomah County Circuit Court Case No. 1202-02429, at 2 ("[P]laintiff is statutorily barred under ORS 86.770 from challenging a completed foreclosure sale of which she had notice.  No amendment will cure this jurisdiction defect, and, accordingly, the Court finds the dismissal shall be with prejudice.").

Here Plaintiffs admit they received notice of the foreclosure sale within the time required under the OTDA, that the property was sold to a *bona fide* purchaser, and that the sale of the property was recorded before Plaintiffs filed this action seeking to set aside the sale.  The Court concludes on this record that Plaintiff's claim for declaratory judgment based on the failure to list Fannie Mae as beneficiary on the Notice is barred under § 86.770(1).

The Court also concludes Plaintiffs were required to raise their proposed claim based on unspecified, "unrecorded written assignments of the Trust Deed" before the foreclosure sale of their property to a *bona fide* purchaser was recorded. Plaintiffs' claim based on alleged unrecorded assignments is now barred by § 86.770.

The Court, therefore, concludes Plaintiffs' proposed amendments to their Complaint would be futile.  Accordingly, the

Court denies Plaintiffs' Motion to Amend Complaint.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' Motion (#28) to Amend Complaint.

IT IS SO ORDERED.

DATED this 10th day of October, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER