
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RANDY LIU and MONICA CHEN, husband and wife, | 3:12-CV-00484-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| NORTHWEST TRUSTEE SERVICES, INC., and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendants. | |

JEFFREY A. MYERS
JOHN P. BOWLES
TIMOTHY J. ZIMMERMAN
Bowles Fernandez Law LLC
5200 S.W. Meadows Road
Suite 150
Lake Oswego, OR 97025
(503) 726-5930

      Attorneys for Plaintiffs

TERESA M. SHILL
Routh Crabtree Olsen, PC
511 S.W. Tenth Avenue
Suite 400
Portland, OR 97205
(503) 977-7926

      Attorneys for Defendant Northwest
      Trustee Services, Inc.

1 - OPINION AND ORDER

**WILLIAM G. FIG**
Sussman Shank, LLP
1000 S.W. Broadway
Suite 1400
Portland, OR 97205
(503) 227-1111

        Attorneys for Defendant Federal
        National Mortgage Association

**BROWN, Judge.**

This matter comes before the Court on the Motion (#39) of Federal National Mortgage Association (FNMA) for Summary Judgment.

For the reasons that follow, the Court **GRANTS** FNMA's Motion.

### BACKGROUND

The facts in this matter are undisputed unless otherwise noted:

On April 20, 2005, Plaintiffs Randy Liu and Monica Chen signed a Promissory Note with Homecomings Financial Network, Inc. (HFN) secured by property located at 7145 S.W. 142nd Avenue, Beaverton, Oregon.  Plaintiffs also entered into a Trust Deed as to that property with Plaintiffs as "borrowers," Transnation Title as Trustee, and HFN as the lender and beneficiary.  It is undisputed that GMAC Mortgage Corporation was the servicer of the Note.

The Trust Deed was recorded in Washington County, Oregon, on

April 27, 2005.

"Shortly after the origination of the "loan"[1] and prior to July 25, 2005, [HFN] sold its interest in the Note" to Fannie Mae, who retained GMAC as the servicer of the Note. Statement of Agreed Facts for Summ. J. at 2.

On July 25, 2005, an Assignment of Deed of Trust was recorded in Washington County in which HFN "grant[ed], [sold], assign[ed], transfer[red], and convey[ed] to GMAC Mortgage Corporation" the Plaintiffs' Trust Deed.

On August 4, 2011, GMAC executed an Appointment of Successor Trustee in which GMAC appointed Defendant Northwest Trustee Services, Inc. (NWTS) as successor trustee of the Plaintiffs' Trust Deed.

On August 10, 2011, the Appointment of Successor Trustee was recorded in Washington County. Also on August 10, 2011, NWTS executed a Notice of Default and Election to Sell against Plaintiffs' property in which NWTS alleged a default on the Note and initiated a nonjudicial foreclosure of Plaintiffs' property.

On August 11, 2011, the Notice of Default and Election to Sell was recorded in Washington County. Plaintiffs received the Notice of Sale "by August 19, 2011." Statement of Agreed Facts for Summ. J. at 2.

---

[1] The parties use the term "loan" when referring to the Promissory Note.

3 - OPINION AND ORDER

On December 16, 2011, NWTS sold Plaintiffs' property to Fannie Mae.

On March 16, 2012, Plaintiffs filed in this Court a Complaint for Declaratory Relief Invalidating Nonjudicial Foreclosure for Failure to Comply with ORS 86.705 to ORS 86.795 and Permanent Injunctive Relief against Defendants in which they seek a declaratory judgment setting aside, voiding, and invalidating the foreclosure; a permanent injunction enjoining Defendants from conducting a subsequent nonjudicial foreclosure without recording any assignments of the Trust Deed; and costs and attorneys' fees.

On April 2, 2012, this Court certified four questions to the Oregon Supreme Court pursuant to Oregon Revised Statute § 28.200 related to nonjudicial foreclosures in Oregon. *See Brandrup v. ReconTrust Co.*, No. 3:11-CV-1390-HZ (D. Or. Apr. 2, 2012). On July 19, 2012, the Oregon Supreme Court accepted certification.

On September 25, 2012, FNMA filed a Motion for Summary Judgment as to all of Plaintiffs' claims. On October 4, 2012, NWTS filed a Motion for Summary Judgment as to all of Plaintiffs' claims.

On December 19, 2012, the Court issued an Opinion and Order granting NWTS's Motion for Summary Judgment, staying this matter as to Plaintiffs' remaining claims against FNMA for declaratory

4 - OPINION AND ORDER

and injunctive relief, and denying with leave to renew FNMA's Motion for Summary Judgment.

On June 6, 2013, the Oregon Supreme Court issued a decision on the questions certified by this Court in *Brandrup v. ReconTrust Company*.

On July 29, 2013, Plaintiffs filed a Motion to Amend Complaint in which they sought leave to amend their Complaint "to comport with" the ruling in *Brandrup*.

On October 10, 2013, the Court issued an Opinion and Order denying Plaintiffs' Motion to Amend Complaint on the ground that Plaintiffs' amendment would be futile because their claims against FNMA are barred by Oregon Revised Statute § 86.770 in light of the fact that Plaintiffs "received notice of the foreclosure sale . . ., the property was sold to a *bona fide* purchaser, and . . . the sale of the property was recorded before Plaintiffs filed this action seeking to set aside the sale." Opin. and Order (#33) at 10.  The Court noted courts in this district have denied plaintiffs' requests for leave to amend their complaints to conform to *Brandrup* as futile because *Brandrup* "dealt with pre-sale challenges to non-judicial foreclosure sales."  *See, e.g., Chen v. Bank of Am., N.A.*, No. 3:12-CV-00194-PA, 2013 WL 3929854, at *2 (D. Or. July 25, 2013)("[H]ere . . . the plaintiff[s'] claims are barred due to ORS 86.770(1)" because the plaintiffs filed those claims after

5 - OPINION AND ORDER

foreclosure.

On October 29, 2013, the Court held a Rule 16 conference and entered an Order permitting FNMA to renew its Motion for Summary Judgment.

On November 15, 2013, FNMA filed a Motion for Summary Judgment as to all of Plaintiffs' claims.  The Court took FNMA's Motion under advisement on December 19, 2013.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id*.  "This burden is not a light one. . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence

6 - OPINION AND ORDER

is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

    The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

**DISCUSSION**

FNMA asserts Plaintiffs' claims are barred by Oregon Revised Statute § 86.770 because Plaintiffs do not and cannot allege they did not receive the notice required under Oregon Revised Statute § 86.740, the foreclosure sale was completed, and the property was sold to a *bona fide* purchaser.

Oregon Revised Statute § 86.770(1) provides:

> If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

As the Court noted in its October 10, 2013, Opinion and Order, this Court, other courts in this District, and Oregon state courts have held § 86.770 bars rescission of a foreclosure sale when a borrower has received the notice required under § 86.740 and the property is sold to a *bona fide* purchaser. *See, e.g., Mikityuk v. Nw. Tr Serv., Inc.*, No. 3:12-CV-1518-PA, 2013 WL 3388536, at *10 (D. Or. June 26, 2013)(The court concluded § 86.770(1) bars challenges to the validity of a trustee's sale after the sale is completed and the purchase of the property by a *bona fide* purchaser is recorded.); *Chen*, 2013 WL 3929854, at *2

8 - OPINION AND ORDER

("Like the plaintiffs in *Mikityuk*, plaintiff's challenges to the non-judicial foreclosure sale here are barred.  As plaintiff received advance notice of the sale, his interest in the property was 'foreclosed and terminated.'  ORS 86.770(1).  Plaintiff's argument that notice here was ineffective because it was not signed and dated by a notorial officer is meritless.  The time to make such a challenge is long passed. . . .  Although plaintiff here had sufficient time to raise any of the current challenges before the sale, he chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed.  Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was foreclosed and terminated."); *Nelson v. Am. Home Mortg. Svc., Inc.*, No. 3:13-CV-00306-BR, 2013 WL 3834656, at *4 (D. Or. July 24, 2013)(same); *Hart v. Pac. Trust Bank,* No. 1:12-CV-705-PA, 2013 WL 4829172, at *2 (D. Or. Sept. 9, 2013); *Offenbacher-Afolau v. ReconTrust*, Multnomah County Circuit Court Case No. 1202-02429, at 2 ("[P]laintiff is statutorily barred under ORS 86.770 from challenging a completed foreclosure sale of which she had notice.  No amendment will cure this jurisdiction defect, and, accordingly, the Court finds the dismissal shall be with prejudice.").

Here Plaintiffs concede they received notice of the foreclosure sale within the time required under the Oregon Trust

9 - OPINION AND ORDER

Deed Act (OTDA), that the property was sold to a *bona fide* purchaser, and that the sale of the property was recorded before Plaintiffs filed this action seeking to set aside the sale.  The Court concludes on this record that Plaintiff's claim for declaratory judgment based on the failure to list Fannie Mae as beneficiary on the Notice is barred under § 86.770(1).

The Court also concludes Plaintiffs were required to raise their proposed claim based on unspecified, "unrecorded written assignments of the Trust Deed" before the foreclosure sale of their property to a *bona fide* purchaser was recorded.  Thus, Plaintiffs' claims based on alleged unrecorded assignments is now barred by § 86.770.

In their Response Plaintiffs concede their Complaint is "subject to Summary Judgment."  Plaintiffs, however, seek reconsideration of the Court's October 10, 2013, Opinion and Order denying Plaintiffs leave to file an Amended Complaint.  In support of their request for reconsideration Plaintiffs reiterate the arguments contained in their Motion for Leave to File an Amended Complaint and their Reply in support of their Motion.  The Court has considered Plaintiffs' arguments, but adheres to its October 10, 2013, decision.  Accordingly, the Court grants FNMA's Motion for Summary Judgment.

**CONCLUSION**

For these reasons, the Court **GRANTS** FNMA's Motion (#39) for Summary Judgment and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 19th day of February, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER